**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **In re subpoena of American Nurses Association** (*Hinterberger, et al. v. Catholic Health Sys., Inc.*, No. 08-CV-0380 (W.D.N.Y.))** | **Case No. RWT 11-cv-2836** |

## MEMORANDUM OPINION AND ORDER

On October 27, 2014, Plaintiffs filed objections, ECF No. 109, to Chief Magistrate Judge William Connelly's September 12, 2014 decision, ECF No. 104, ordering Plaintiffs to pay the American Nurses Association's attorney's fees and costs.  Defendant responded in opposition on November 18, 2014, ECF No. 112, and Plaintiffs replied in support of their appeal on December 2, 2014, ECF No. 113.  For the reasons stated below, Plaintiffs' motion will be overruled.

### BACKGROUND

On August 6, 2010, Plaintiffs subpoenaed the American Nurses Association ("ANA"), a non-party, for information obtained by the ANA-owned, National Database of Nursing Quality Indicators ("NDNQI").  ECF No. 3, at 1.  ANA maintains that the information subpoenaed from NDNQI is proprietary data and overly burdensome to produce, requiring sophisticated e-discovery outsourcing to protect other, non-subpoenaed proprietary data, the cost of which accounts for the majority of the fees in dispute.

On January 13, 2012 Judge Connelly denied ANA's Motion to Quash Subpoenas, imposed a forty-five day production deadline, and stated that the cost of discovery would be borne by Plaintiffs.  ECF No. 15, at 3.  ANA selected BIA Total Discovery ("BIA") as its e-discovery vendor, ECF No. 79, and forwarded its Scope of Work ("SOW") to Plaintiffs on

February 1, 2012, ECF No. 18 at 6–11.[1]  Between February 3 and September 27, 2012, Plaintiffs continued to change the parameters and search techniques, forcing BIA to construct and submit six separate SOW revisions.  Judge Connelly's February 13, 2013 order held that ANA could shift discovery-related costs to Plaintiffs, and directed ANA to file a supplemental motion accounting for the specific costs and fees it argued Plaintiffs should assume.  ECF No. 79, at 28-31.  Plaintiffs appealed this decision on March 22, 2013, ECF No. 84, during which time ANA's deadline to file a motion was extended "until such time as the Magistrate Judge's Opinion is adopted," ECF No. 83.  On August 8, 2013, Judge Williams overruled the objections to Judge Connelly's Order.  ECF No. 90, at 4.

On November 16, 2013, more than 100 days after Judge Williams' order, ANA filed its Motion for Attorney Fees and Costs or, in the Alternative, Motion for Leave to File Instanter.  ECF No. 94.  Judge Connelly denied ANA's Motion for Attorney Fees and Costs as untimely, but held ANA's counsel's medical condition qualified as excusable neglect for counsel having delayed filing the alternative motion.[2]  ECF No. 104.  Judge Connelly granted in part and denied in part ANA's alternative motion for Attorney's Fees and Costs, holding that only 67.4% of ANA's costs and fees requested were reasonable, and ordering Plaintiffs to pay $50,118.27 of the $74,371.37 requested amount.  *Id.*  Judge Connelly held the remaining $24,253.10 to be unreasonable, or not reasonably related to the litigation at hand.  *Id.*  The vast majority of the awarded amount (63.8%, or $32,015.60) consists of BIA's e-discovery expenses.  *Id.*

---

[1] Plaintiffs objected to the cost and parameters of BIA's proposed e-discovery SOW on February 3, 2012. ECF No. 66-3 (e-mails dated Feb. 2, 2012 and Feb. 3, 2012).
[2] From the record, it appears Judge Connelly interpreted ANA's alternative Motion to File Instanter as if it were a motion to late file after the deadline.

**DISCUSSION**

Federal Rule of Civil Procedure 72 provides for the district court's review of a magistrate judge's order.  Rule 72(a) provides that, for nondispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local Rule 301.5.a (D. Md. 2004). "Under the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence.  Nor is it to substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cnty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010).  Rather the Court is "only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id.*  Indeed, "[i]t is not the function of objections to discovery ruling to allow wholesale relitigation of issues resolved by the magistrate judge." *Buchanan v. Consolidated Stores Corp.*, 206 F.R.D. 123, 124 (D. Md. 2002).

In their opposition to Judge Connelly's award of attorney's fees and costs, Plaintiffs first argue that the Court erred in granting ANA's motion for costs and fees *sua sponte*, that the motion was untimely, and that the record does not support a finding of excusable neglect. ECF No. 109.  In the alternative, Plaintiffs argue the Court erred in shifting certain costs and attorney's fees. *Id.*

Plaintiffs assert Judge Connelly erred in considering the issue of excusable neglect on his own motion and failed to consider all relevant factors that would justify a finding of excusable

neglect.  *Id*.  When an act may or must be done within a specified period of time, the Court may extend the time "with or without motion . . . [if done] before the original time or its extension expires."  Fed. R. Civ. P. 6(b)(1)(A).  However, once a deadline has elapsed, the Court's ability to grant such extension is permitted only on a motion "if the party failed to act because of excusable neglect."   Fed. R. Civ. P. 6(b)(1)(B); *see Gaskins v. BFI Waste Servs., LLC*, 281 Fed. Appx. 255, 259 (4th Cir. 2008).  While it is clear a judge may not grant an extension *sua sponte* after the time to file has elapsed, the extension granted was not on Judge Connelly's own motion, but rather on his interpretation of ANA's alternative motion as a motion to file after the deadline and the declaration of ANA's counsel as a showing of excusable neglect. ECF No. 104.  Though Judge Connelly did not explicitly discuss the factors favoring his finding of excusable neglect,[3] such a finding is not unreasonable nor is it unsupported by the evidence.

Plaintiffs claim Judge Connelly failed to sufficiently restrict the award of attorney's fees to costs for legal work reasonably necessary to produce the subpoenaed documents, and contest the reasonableness of the e-discovery costs awarded between January 13 and September 27, 2012.  ECF No. 109.   In an attempt to relitigate issues already disposed of in Judge Williams' order overruling the objections to Judge Connelly's cost-shifting order, Plaintiffs argue Federal Rule of Civil Procedure 45(c)(2)(B) does not authorize fee-shifting, but rather only allows for shifting the costs of production.[4]   *Id*.   Rule 45(c)(2)(B)(ii) provides that in compelling compliance with a subpoena, the Court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."   Accordingly, Judge

---

[3] The Supreme Court has articulated four factors to be considered in determining whether excusable neglect has occurred: "[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."   *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[4] Plaintiffs contend that they have already paid for the cost of production ($4,050 paid on September 27, 2012) and that any further cost-shifting relating to discovery is improper.  ECF No. 109.

Williams concluded it was neither clearly erroneous nor contrary to law for ANA to receive certain attorneys' fees if they were reasonable.  ECF No. 90.  Plaintiffs' objections to the ability to shift costs are therefore moot.  Judge Connelly refused to award costs not reasonably related to the litigation at hand,[5] and in doing so limited the award of attorneys' fees solely to those costs incurred in complying with the subpoena.  ECF No. 104.

In addition, Plaintiffs maintain that the shifting of reasonable discovery costs incurred between January 13 and September 27, 2012 as well as BIA's six SOW revisions, is not reasonable and is contrary to law.  ECF No. 109.  This Court's review is limited only to the question of those costs incurred between February 3 and September 27, 2012, and the reasonableness of the nominal amount awarded between January 13 and September 27, 2012.  Plaintiffs incorrectly cite ANA's failure to adhere to this Court's Suggested Protocol for electronically stored information ("ESI") as reason to deny ANA's e-discovery cost-shifting motion.  ECF No. 109.  This Court's Suggested Protocol encourages best practices such as, meeting, conferring, and discussing how to acquire information so as to minimize the cost of production in a manner that puts as little burden on the non-party as possible.  *See* U.S. District Court for the District of Maryland, *Suggested Protocol for Discovery of Electronically-Stored Information (ESI)* (2007), http://www.mdd.uscourts.gov/news/news/ESIProtocol.pdf.  However, as the name implies, the Suggested Protocol is merely a *suggested* framework for guiding parties through e-discovery; its recommendations are not binding law.

Plaintiffs arguments are unpersuasive as it is clear from the record that they too failed to adhere to the Suggested Protocol.  While it would appear that ANA did not confer with Plaintiffs before employing BIA to construct an estimated cost for e-discovery until February 1, 2012,

---

[5] Judge Connelly refused to award ANA's costs incurred before the order for e-discovery, refusal to shift costs of interoffice communications and trainings, costs relating to other litigation, or costs associated with doing business.

Plaintiffs similarly failed to take the initiative to meet and confer with ANA despite knowledge of their forty-five-day deadline.  This failure to communicate resulted in the need to revise BIA's SOW six times, each time changing search criteria, formatting, or the substance of the information requested.   The costs Judge Connelly shifted relate to those incurred due to Plaintiffs' failure to coordinate with ANA prior to February 3, 2012 and BIA's six subsequent revisions.  While BIA's rates for e-discovery may be higher than that of its competitors, *see* Baldridge Decl. 4, ECF No. 13, it was neither improper nor clearly erroneous for Judge Connelly to award such e-discovery and production costs.

The Court concludes that the Order of Judge Connelly was neither clearly erroneous nor contrary to law.  Accordingly, it is this 30th day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiffs' Objections to Magistrate Judge's Order Dated September 12, 2014 (ECF No. 109) are hereby **OVERRULED**.

      /s/

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
